**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Hong Chuang Wang, individually and on behalf of all
others similarly situated,

Plaintiff,

- against -

CHLOE USA INC d/b/a MIYABI ASIAN BISTRO,
Shangzhou Chen, and "John Doe",

Defendants.

Case No.

**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiff Hong Chuang Wang ("Plaintiff"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants CHLOE USA INC d/b/a MIYABI ASIAN BISTRO, Shangzhou Chen and "John Doe" (collectively "Defendants"), allege and show the Court the following:

<strong>INTRODUCTION</strong>

1.     This is an action brought by Plaintiff on behalf of himself and of other similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) reimbursement for expenses relating to tools of trade, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid an extra hour of pay at the minimum wage for spread of hours exceeds 10 hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid overtime and unpaid spread of hours premium pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Hong Chuang Wang ("Plaintiff") is an individual residing in Queens, New York.

8.      From on or around December 31, 2015 to on or around April 1, 2017, Plaintiff was employed by Defendants as a delivery worker working at Defendants' restaurant under the name of MIYABI ASIAN BISTRO, located at 25 Wheeler Ave, Pleasantville, NY 10570.

## DEFENDANTS

*Corporate Defendant CHLOE USA INC d/b/a MIYABI ASIAN BISTRO*

9.      Upon information and belief, Defendant CHLOE USA INC d/b/a MIYABI ASIAN BISTRO (thereafter "MIYABI") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 25 Wheeler Ave, Pleasantville, NY 10570.

10.     Upon information and belief, Defendant MIYABI has at least 14 employees, including 1 delivery worker, 4 kitchen workers, 4-5 waiters/waitresses, 3 sushi bar chefs, and 1 cashier.

11.     Upon information and belief, Defendant MIYABI had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year at all relevant times.

12.     Upon information and belief, Defendant MIYABI purchased, and handled goods moved in interstate commerce, and has employees handling or otherwise working on goods or materials that have been moved in or produced in interstate commerce. For instance, Defendant MIYABI has employees who handled and worked on goods moved in commerce such as food supplies.

13.     At all relevant times, Defendant MIYABI was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14.     At all relevant times, the work performed by Plaintiff is directly essential to the business operated by Defendant MIYABI.

*Individual Defendant Shang Zhou Chen*

15.     Upon information and belief, Defendant Shang Zhou Chen is the owner, officer, director of the Defendant MIYABI and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant MIYABI.

16.     Upon information and belief, Defendant Shangzhou Chen owns the stock of Defendant MIYABI and is the registered principal of Defendant MIYABI.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime pays, spread-of-hour premium and reimbursement of tools of trade expenses, and failed to provide Plaintiff time of hire wage notice and pay stubs in violation of the NYLL.

*Individual Defendant "John Doe"*

18.     Upon information and belief, Defendant "John Doe" is the owner, manager or, director of the Defendant MIYABI and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant MIYABI.

19.     Upon information and belief, Defendant "John Doe" manages the day-to-day operation of Defendant MIYABI including determining the wages and compensation of the employees of Defendants, including Plaintiff, establishing work schedules and work load of the

4

employees including Plaintiff, maintaining employee records, hiring and firing employees, as well as supervising the work of Plaintiff, etc.

20.     At all relevant times, Defendant "John Doe" knowingly and willfully failed to pay Plaintiff his lawfully earned overtime pays, spread-of-hour premium and reimbursement of tools of trade expenses, and failed to provide Plaintiff time of hire wage notice and pay stubs in violation of the NYLL.

21.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their nail salon locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fourteen (14) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

23.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

24.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

25.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

26.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

27.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

28.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

29.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

30.     Defendants knew that the nonpayment of overtime pays and spread of hours premium, failure to reimburse Plaintiff's expenses relating to tools of trade, as well as failure to provide the required wage notice at the time of hiring and pay stub on each payday would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Plaintiff Hong Chuang Wang*

31.     From on or around December 31, 2015 to on or around April 1, 2018, Plaintiff was employed by Defendants to work as a full-time delivery worker for Defendants' restaurant located at 25 Wheeler Ave, Pleasantville, NY 10570.

32.     Defendant John Doe conducted a telephone interview with Plaintiff and hired Plaintiff as delivery worker.

33.     Defendant John Doe is in the restaurant almost everyday supervising the daily operation. Defendant John Doe controlled and determined the work schedule of Plaintiff, determined the rates of compensation of Plaintiff and methods of payment, and handled wage payments to Plaintiff and maintained Plaintiff's employment records.

34.     Plaintiff was not provided a written wage notice in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

35.     Throughout his employment with Defendants, Plaintiff worked 6 days per week and with Tuesday off. From Mondays to Saturdays on which Plaintiff worked, Plaintiff generally worked from 11:00 a.m. to 10:00 p.m, Though Plaintiff's scheduled break was from 3:00 p.m. to 4:00 p.m., Plaintiff was always required by Defendants to make delivery during his break if a delivery order came in. On Sundays, Plaintiff worked from 3:00 p.m. to 10:00 p.m. without an uninterrupted break. Plaintiff therefore worked for at least fifty-seven (57) hours per week.

36.     Throughout his employment with Defendants, Plaintiff was paid at a fixed rate of $1,700.00 per month regardless the number of hours he actually worked each day.

37.     Throughout his employment with Defendants, Plaintiff was mostly paid monthly by check. Sometimes Defendants would pay Plaintiff bi-weekly by check.

38.     Throughout his employment with Defendants, Plaintiff was not required to punch time cards, sign in/out, or to otherwise record his work hours.

39.     Throughout his employment with Defendants, Plaintiff was not overtime-exempted under federal and state laws.

40.     Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked above forty (40) in each workweek and the spread of hour premium pursuant to federal or state law requirement.

41.     Defendants did not provide Plaintiff with a proper pay stub with each wage payment.

42.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to perform duties as a delivery worker. Throughout his employment with Defendants, Plaintiff was required by Defendants to use his own car to make deliveries for Defendants' restaurant. As expenses relating to make deliveries, Plaintiff generally spent $ 350 per month on gas and about $ 300 per year on car maintenance. In the course of making deliveries, Plaintiff also has received traffic tickets totaled at $ 80.

43.     Through his employment with Defendants, Defendants failed to reimburse Plaintiff for his expenses on gas, traffic tickets and maintenance for using Plaintiff's own car to make deliveries.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of Plaintiff and FLSA Collective]

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

46.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

47.     Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

48.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

49.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

50.     Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

51.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

52.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

54.    Defendants' failure to pay Plaintiff his overtime pay violated the NYLL.

55.    Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III

### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff]

91.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or his first day of employment.

94.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

11

95.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IV**
**[Violation of New York Labor Law—New York Pay Stub Requirement**
**Brought on behalf of Plaintiff]**

96.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

99.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**COUNT V**

**[Violation of New York Labor Law—Spread of Hours**

**Brought on behalf of Plaintiff]**

100.    The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State

Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

101.    Throughout his employment with the Defendants, Plaintiff routinely worked a "spread of hours" of more than 10 hours per day.

102.    Despite the fact that Plaintiff routinely worked a "spread of hours" greater than 10 hours per day throughout their employment with the Defendants, Defendants did not pay Plaintiff an extra hour of pay at the minimum wage as required by the regulations.

103.    Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT VI
### [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade
### Brought on behalf of Plaintiff and the FLSA Collective]

104.    Plaintiff on behalf of himself and all other similarly situated Collective Action Members repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105.    At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff and the FLSA Collective for expenses incurred in relation to tools of the trade used by Plaintiff and the FLSA Collective in order to perform his job duties as delivery worker. Such tools of the trade include but are not limited to, gas, car maintenance, and traffic tickets incurred in the course of making deliveries.

106.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation

to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## Prayer For Relief

WHISEFORE, Plaintiff respectfully request that this court enter a judgment providing the following relief:

a)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b)    An injunction against CHLOE USA INC d/b/a MIYABI ASIAN BISTRO, Shangzhou Chen and "John Doe", its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid overtime wages and spread of hours premium due Plaintiff under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)    An award of unpaid reimbursement for expenses relating to tools of trade due under FLSA;

j)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours pursuant to New York Labor

Law;

m)     An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)     The cost and disbursements of this action;

o)     An award of prejudgment and post-judgment fees;

p)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

q)     Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated:  Flushing, New York, January 10, 2019        HANG & ASSOCIATES, PLLC.

                                                    _/S XIAOXI LIU_
                                                    Xiaoxi Liu, Esq.
                                                    136-20 38th Ave., Suite 10G
                                                    Flushing, New York 11354
                                                    Tel: 718.353.8588
                                                    xliu@hanglaw.com
                                                    *Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MIYABI AISAN BISTRO and and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Hong chuang. Wang*

Full Legal Name (Print)

*Hong chuang. Wang*

Signature

*12 /05 /2018*

Date