**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Iong Chuang Wang, Yun Chen, Jin Hai Lin, Hui Jin Lin, Yun Li, and Amy Wong, individually and on behalf of all others similarly situated,<br><br>                                             Plaintiff,<br><br>                         v.<br><br>CHLOE USA INC d/b/a MIYABI ASIAN BISTRO, Shangzhou Chen a/k/a "Joe" Chen, Xiling Zhao a/k/a "Cherry" Zhao, and Zhao Huan Wang<br><br>                                        Defendants, | Case No: 7:19-cv-00281<br><br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

        This Settlement Agreement is made by and among, (i) Hong Chuang Wang, Yun Chen, Jin Hai Lin, Hui Jin Lin, Yun Li, and Amy Wong, (hereinafter "Plaintiffs") (ii) CHLOE USA INC d/b/a MIYABI ASIAN BISTRO, Shangzhou Chen a/k/a "Joe" Chen, (hereinafter, "Releasing Defendants" and "Releasees"), (Plaintiffs and Releasing Defendants, collectively, "the Parties"); and

        **WHEREAS**, Plaintiffs were employed by Releasing Defendants for certain time periods; and

        **WHEREAS**, on January 10, 2019, Plaintiff Hong Chuang Wang, through his attorneys, Hang & Associates, PLLC, filed the above-captioned lawsuit against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), Civil Action No. 7:18-cv-00281 (the "Complaint"); and Plaintiffs Yun Chen, Hui Jin Lin, Jin Hai Lin, and Yun Li joined the above-captioned lawsuit by filing "Consent to Sue" separately on January 15, 2019, and Plaintiff Amy Wong joined the above-captioned lawsuit by filing "Consent to Sue" on January 18, 2019, and an amended Complaint was filed to demonstrate the five added Plaintiffs' facts on January 30, 2019; and

        **WHEREAS,** Releasing Defendants deny all claims in Plaintiffs' Complaint and Amended Complaint;

        **WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

        **WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

        **WHEREAS**, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 Tel: 718-353-8588; and

        **WHEREAS**, Defendants have, throughout the negotiation and execution of this

Agreement, been represented by their counsel, Jose William Cotto, Esq., Cotto Law Offices, 95 Croton Avenue, Ossining, NY 10562, Tel: 914-941-4077;

**WHEREAS**, Plaintiffs' Attorney and Releasing Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Releasing Defendants' defenses; and

**WHEREAS**, Plaintiffs acknowledge that they have entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiffs acknowledge that they understand the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

## 1. Settlement Amount

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' specific release of all wage-and-hour claims which were or could have been asserted in the Complaint and Amended Complaint only, against Releasing Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Releasing Defendants will provide Plaintiffs with a settlement in the amount of A Hundred and Fifty Thousand Dollars ($150,000.00) ("Settlement Amount"), apportioned as follows:

   a) Twenty-One Thousand Two Hundred and Eighty-Four Dollars and Fifty-Seven Cents ($21,284.57) to Hong Chuang Wang; and

   b) Twenty Thousand Six Hundred and Forty-Seven Dollars and Thirty-Two Cents ($20,647.32) to Yun Chen; and

   c) Twenty-Five Thousand One Hundred and Thirty Dollars and Sixty-Four Cents ($25,130.64) to Jin Hai Lin; and

   d) Seven Thousand Five Hundred and Fifty Dollars And Eighty-Seven Cents ($7,550.87) to Hui Jin Lin; and

   e) Five Thousand Six Hundred and Seventy Dollars and Seventy-Four Cents ($5,670.74) to Yun Li; and

   f) Eighteen Thousand Six Hundred and Seven Dollars and Twenty-Five Cents ($18,607.25) to Amy Wong; and

   g) Fifty-One Thousand One Hundred and Eight Dollars and Sixty Cents ($51,108.60) to Hang & Associates, PLLC as attorney's fees and costs.

## 2. Settlement Payment Schedule

The Settlement shall be payable on a schedule as set forth as follows:

   i) Installment 1 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY

11354 within June 1, 2020 and consist of Seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen Hundred Three Dollars and Sixty-Two Cents ($1,703.62 ) and memo noting "Miyabi Settlement 1";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven Hundred Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 1";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 1";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 1";

05) A check made payable to "Hui Jin Lin" in the amount of Two Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 1";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 1";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty-Four Dollars and Twenty-Four Cents ($620.24) and memo noting "Miyabi Settlement 1";

ii) Installment 2 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days  of the date when the Installment 1 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen  Hundred Three Dollars and Sixty-Two Cents ($1,703.62) and memo noting "Miyabi Settlement 2";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven  Hundred  Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 2";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 2";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 2";

05) A check made payable to "Hui Jin Lin" in the amount of Two Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 2";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 2";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty Dollars and Twenty-Four Cents ($620.24) and memo noting "Miyabi Settlement 2";

iii) Installment 3 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 2 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen Hundred Three Dollars and Sixty-Two Cents ($1,703.62) and memo noting "Miyabi Settlement 3";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven Hundred Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 3";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 3";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 3";

05) A check made payable to "Hui Jin Lin" in the amount of Two Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 3";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 3";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty Dollars and Twenty-Four Cents ($620.24) and memo noting "Miyabi Settlement 3";

iv) Installment 4 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 3 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen Hundred Three Dollars and Sixty-Two Cents ($1,703.62) and memo noting "Miyabi Settlement 4";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven Hundred Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 4";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 4";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 4";

05) A check made payable to "Hui Jin Lin" in the amount of Two Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 4";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 4";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty Dollars and Twenty-Four Cents ($620.24) and memo noting "Miyabi Settlement 4";

v) Installment 5 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC., 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 4 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen Hundred Three Dollars and Sixty-Two Cents ($1,703.62) and memo noting "Miyabi Settlement 5";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven Hundred Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 5";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 5";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 5";

05) A check made payable to "Hui Jin Lin" in the amount of Two

Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 5";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 5";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty Dollars and Twenty-Four Cents ($620.24) and memo noting "Miyabi Settlement 5";

vi) Installment 6 of 18: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 5 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Seventeen Hundred Three Dollars and Sixty-Two Cents ($1,703.62) and memo noting "Miyabi Settlement 6";

02) A check made payable to "Hong Chuang Wang" in the amount of Seven Hundred Nine Dollars and Forty-Nine Cents ($709.49) and memo noting "Miyabi Settlement 6";

03) A check made payable to "Yun Chen" in the amount of Six Hundred Eighty-Eight Dollars and Twenty-Four Cents ($688.24) and memo noting "Miyabi Settlement 6";

04) A check made payable to "Jin Hai Lin" in the amount of Eight Hundred Thirty-Seven Dollars and Sixty-Nine Cents ($837.69) and memo noting "Miyabi Settlement 6";

05) A check made payable to "Hui Jin Lin" in the amount of Two Hundred and Fifty-One Dollars and Seven Cents ($251.7) and memo noting "Miyabi Settlement 6";

06) A check made payable to "Yun Li" in the amount of One Hundred and Eighty-Nine Dollars and Two Cents ($189.02) and memo noting "Miyabi Settlement 6";

07) A check made payable to "Amy Wong" in the amount of Six Hundred Twenty-Four Dollars and Twenty Cents ($620.24) and memo noting "Miyabi Settlement 6";

vii) Installment 7 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 6 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the

amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 7";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 7";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 7";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 7";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 7";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 7";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 7";

viii)   Installment 8 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days  of the date when the Installment 7 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 8";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 8";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 8";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 8";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo

noting "Miyabi Settlement 8";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 8";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 8";

ix) Installment 9 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 8 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 9";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 9";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 9";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 9";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 9";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 9";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 9";

x) Installment 10 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 9 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents

($3,407.24) and memo noting "Miyabi Settlement 10";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 10";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 10";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 10";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 10";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 10";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 10";

xi) Installment 11 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 10 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 11";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 11";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 11";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 11";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 11";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 11";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 11";

xii) Installment 12 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 11 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 12";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 12";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 12";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 12";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 12";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 12";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 12";

xiii) Installment 13 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 13";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 13";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 13";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 13";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 13";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 13";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 13";

xiv)    Installment 14 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 14";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 14";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 14";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 14";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 14";

06) A check made payable to "Yun Li" in the amount of Three Hundred

and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 14";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 14";

xv) Installment 15 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 15";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 15";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 15";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 15";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 15";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 15";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 15";

xvi) Installment 16 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 15";

02) A check made payable to "Hong Chuang Wang" in the amount of

Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 15";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 15";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 15";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 15";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 15";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 15";

xvii)   Installment 17 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days  of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 15";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 15";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 15";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 15";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 15";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting

"Miyabi Settlement 15";

07) A check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 15";

xviii) Installment 18 of 18: Ten Thousand Dollars ($10,000.00) shall be mailed or hand delivered to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 within Thirty (30) days of the date when the Installment 12 was received and consist of seven checks:

01) A check made payable to "Hang & Associates, PLLC" in the amount of Thirty-Four Hundred Seven Dollars and Twenty-Four Cents ($3,407.24) and memo noting "Miyabi Settlement 15";

02) A check made payable to "Hong Chuang Wang" in the amount of Fourteen Hundred Eighteen Dollars and Nighty-Seven Cents ($1,418.97) and memo noting "Miyabi Settlement 15";

03) A check made payable to "Yun Chen" in the amount of Thirteen Hundred Seventy-Six Dollars and Forty-Nine Cents ($1,376.49) and memo noting "Miyabi Settlement 15";

04) A check made payable to "Jin Hai Lin" in the amount of Sixteen Hundred Seventy-Five Dollars and Thirty-Eight Cents ($1,675.38) and memo noting "Miyabi Settlement 15";

05) A check made payable to "Hui Jin Lin" in the amount of Five Hundred and Three Dollars and Thirty-Nine Cents ($503.39) and memo noting "Miyabi Settlement 15";

06) A check made payable to "Yun Li" in the amount of Three Hundred and Seventy-Eight Dollars and Five Cents ($378.05) and memo noting "Miyabi Settlement 15";

07) A bank check made payable to "Amy Wong" in the amount of Twelve Hundred Forty Dollars and Forty-Eight Cents ($1,240.48) and memo noting "Miyabi Settlement 15";

### 3. Confession of Judgment

a) Concurrent with the signing of this Agreement, Shangzhou Chen a/k/a "Joe" Chen, shall sign the Confession of Judgment in the form annexed hereto as **Exhibits B and C** in the amount of Three Hundred Thousand Dollars ($300,000.00), together with reasonable costs and attorney's fees incurred by Plaintiffs in connection with any efforts to enforce the confessed judgments less any payments made by Releasing Defendants to date under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiffs' Attorney and shall not be filed with the Court unless Releasing Defendants fail to pay any of the payments required by paragraph 2 on or by the dates they are due, and fail to

cure within ten (10) days of receiving notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiffs' counsel to ensure compliance with the requirements of the Court.

b) Upon receipt of the final installment from Releasing Defendants, Plaintiffs' Attorney shall destroy the Confession of Judgment and confirm destruction of same to Releasing Defendants' Attorney.

### 4. Missed/ Late Payment

a) In the event that the Releasing Defendants fails to make the settlement payments in a timely manner pursuant to Paragraph 2 of this Agreement, Plaintiffs shall provide notice of the default by email and first class mail to counsel for the Releasing Defendants: Jose William Cotto, Esq., Cotto Law Offices, 95 Croton Avenue, Ossining, NY 10562, Tel: 914-941-4077. Releasing Defendants will then have ten business (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount of Three Hundred Thousand Dollars ($300,000.00), less payments made by Releasing Defendants to date pursuant to this Agreement shall become due and owing as of the 11th business day following receipt of said notice,. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Releasing Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

b) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 5. Attorneys' Fees in the Event of Default

In the event of a breach of the agreement by Releasing Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiffs' reasonable attorneys' fees and cost and disbursements of judgment lien enforcement proceedings.

### 6. Tax

Each Party shall be responsible for payment of all taxes due from the payments received pursuant to this Agreement. Plaintiffs' counsel shall provide a W-9 for the payment received for attorneys' fees.

### 7. Wage and Hour Release by Plaintiffs

(a). In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of their assigns, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges (i) Shangzhou Chen a/k/a "Joe" Chen, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) CHLOE USA INC d/b/a MIYABI ASIAN BISTRO and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors,

insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the Complaint and Amended Complaint including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Releasing Defendants and any other compensation or wages. This release does not include a release of any rights that Plaintiffs' may have under this Agreement.

(b). Nothing herein shall prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency. Plaintiffs shall not be entitled to any additional payments from Releasing Defendants as a result of any charge filed or investigation or proceeding conducted.

(c). Releasing Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiffs, Plaintiffs' heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Releasing Defendants have or may have against Plaintiffs with respect to Plaintiffs' employment as of the date the Agreement is signed on behalf of Releasing Defendants.

**8. Judicial Review/Discontinuance of Claims**

a) After receiving the first installment in paragraph 2 of this Agreement, Plaintiffs and Releasing Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as **Exhibit A**) ("Stipulation"), dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

b) Plaintiffs shall refrain from bringing any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement.

**9. Denial of Wrongdoing**

Nothing contained in this Agreement, nor the fact that Plaintiffs have been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Releasing Defendants. Releasing Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to Plaintiffs' employment, including Plaintiffs' pay while in Releasing Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other

than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 10. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiffs' employment with Releasing Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 11. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Releasing Defendants have made no promises to them other than those contained in this Agreement.

### 12. Modification

This Agreement may not be changed unless by either of the followings:
(a). the change is in writing and signed by the Parties, or
(b). the change is made by stipulation of both Parties' counsels and is filed with the Court.

### 13. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 14. Legal Counsel

Parties are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs hereby acknowledge that they are fully and fairly represented by Hang & Associates, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 15. Captions

All article, section and paragraph titles or captions contained in this Agreement are for convenience only and shall not be deemed part of the context nor affect the interpretation of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

**Hong Chuang Wang**

Hongchuang. Wang

Date: 04/27/2020

**Yun Chen**

Date:

**Jin Hai Lin**

Date:

**Hui Jin Lin**

Date:

**Yun Li**

Date:

**Amy Wong**

Date:

1

PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

**PLAINTIFFS**

Hong Chuang Wang

Yun Chen

_____

Date:

_____

Date:

Jin Hai Lin

Hui Jin Lin

_____

Date:

_____

Date:

Yun Li

Amy Wong

_____

Date:

Date: 4/27/20

**PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

## PLAINTIFFS

**Hong Chuang Wang  Yun Chen**

Date:              Date:

**Jin Hai Lin**       **Hui Jin Lin**

Date:              Date:

**Yun Li**           **Amy Wong**

Date:              Date:

2

**CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

## PLAINTIFFS

**Hong Chuang Wang**   **Yun Chen**

Date:                    Date:

**Jin Hai Lin**          **Hui Jin Lin**

Date:                    Date:

**Yun Li**               **Amy Wong**

Date:                    Date:

2

# PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

## PLAINTIFFS

**Hong Chuang Wang**  **Yun Chen**

Date:                    Date:

**Jin Hai Lin**          **Hui Jin Lin**

Date:                    Date:

**Yun Li**               **Amy Wong**

Date:                    Date:

2

# PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

## PLAINTIFFS

**Hong Chuang Wang  Yun Chen**

Date:                        Date:

**Jin Hai Lin**              **Hui Jin Lin**

Date:                        Date:

**Yun Li**                   **Amy Wong**

Date:                        Date:

2

~~DEFENDANTS~~RELEASING DEFENDANTS

**CHLOE USA INC d/b/a MIYABI
ASIAN BISTRO**

NAME: Shangzhou chen
TITLE:
DATE: Owner/manager

Shangzhou Chen a/k/a "Joe" Chen,

DATE: _____

Sworn to before me
on MAY 26, 2020

NOTARY PUBLIC

JOSE WILLIAM COTTO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6357170
Qualified in Westchester County
My Commission Expires: 4/10/2021

~~DEFENDANTS~~RELEASING DEFENDANTS

**CHLOE USA INC d/b/a MIYABI**
**ASIAN BISTRO,**

X _____

NAME:
TITLE:
DATE:
    O wner/ m anager

**Shangzhou Chen a/k/a "Joe" Chen,**

X _____

DATE:

Sworn to before me.
on May 26, 2020

NOTARY PUBLIC

JOSE WILLIAM COTTO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6357170
Qualified in Westchester County
My Commission Expires: 4/10/2021

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Hong Chuang Wang, Yun Chen, Jin Hai Lin, Hui Jin Lin,
Yun Li, and Amy Wong, individually and on behalf of
all others similarly situated,

                                        Plaintiffs,           Case No.: 19-cv-00281

                    v.

                                                              **Stipulation and Order to Dismiss**

Chloe USA Inc., d/b/a Miyabi Asian Bistro, Shangzhou
Chen a/k/a "Joe" Chen, Xiling Zhao a/k/a "Cherry" Zhao,
and Zhao Huan Wang,

                                        Defendants.

_____

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiffs and Releasing Defendants in the above captioned action, that, in accordance with Rule

41 of the Federal Rules of Civil Procedure, the action be dismissed against Corporate Defendant

Chloe USA Inc., d/b/a Miyabi Asian Bistro, individual Defendant Shangzhou Chen a/k/a "Joe"

Chen, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants.

This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.


HANG & ASSOCIATES, PLLC                 COTTO LAW OFFICES
*Attorneys for the Plaintiffs*          *Attorneys for the Defendants*

By: _/s/ Jiajing Fan_____     By: __/s/ Jose William Cotto
Jiajing Fan, Esq.                       Jose William Cotto, Esq., 95
136-20 38th Ave., Suite 10G             Croton Avenue Ossining,
Flushing, New York 11354                NY 10562
Tel: 718-353-8588                       Tel: 914-941-4077


SO ORDERED.

_____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Hong Chuang Wang, Yun Chen, Jin Hai Lin, Hui Jin Lin,
Yun Li, and Amy Wong, individually and on behalf of
all others similarly situated,

<table>
<tr><td></td><td>Plaintiffs,</td><td>Case No.: 19-cv-00281</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
</table>

Chloe USA Inc., d/b/a Miyabi Asian Bistro, Shangzhou
Chen a/k/a "Joe" Chen, Xiling Zhao a/k/a "Cherry" Zhao,
and Zhao Huan Wang,

**AFFIDAVIT OF CONFESSION OF
JUDGMENT BY SHANGZHOU
CHEN**

Defendants.

_____

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF_____Queens_____ )

Shangzhou Chen aka "Joe Chen", being duly sworn, deposes and states as follows:

1.  I am an adult individual residing at ____Queens County_____[address].
2.  I am individually named as a Defendant in Wang et al v. Chloe USA Inc. et al, Civil
    Action No. Case No. 19-cv-00281 filed in the United States District Court for
    Southern District of New York (the "Lawsuit").
3.  I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in
    support of Plaintiffs' application for the entry of a judgment by confession against myself,
    in the sum of  Three Hundred Thousand Dollars ($300,000.00), together with all
    reasonable costs and attorneys' fees incurred by Plaintiffs in connection with any efforts
    to enforce the confessed judgments, less any payments made by Defendants Chloe USA
    Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen to date under the
    Agreement.
4.  This confession of judgment is for a debt due to Plaintiffs Hong Chuang Wang, Yun
    Chen, Jin Hai Lin, Hui Jin Lin, Yun Li, and Amy Wong (hereinafter "Plaintiffs").
5.  The facts out of which the debt arose and the sum confession due is set forth below:
6.  On January 10, 2019, Plaintiffs, through their attorneys, Hang & Associates, PLLC, filed
    a Complaint against Defendants in the United States District Court for the Southern
    District of New York (the "Court") alleging claims under the Fair Labor Standards Act
    ("FLSA") and the New York Labor Law (the "NYLL"), 19-cv-00281 (the "Complaint").

7. On or around April and May of 2020, the Plaintiffs and Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen executed a Settlement Agreement and General Release, (the "Agreement").

8. The agreement provides that Defendants will pay A Hundred and Fifty Thousand Dollars ($150,000.00).

9. If Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen fail to make payments as outlined in Paragraph 8, Plaintiffs may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiffs shall notify Defendants' Attorney Jose William Cotto, Esq., Cotto Law Offices, 95 Croton Avenue, Ossining, NY 10562, Tel: 914-941-4077, cottolaw@gmail.com, in writing of their intent to do so, and Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen shall have ten business (10) days to remedy their default.

10. If Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen do not remedy the default within ten business (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Three Hundred Thousand Dollars($300,000.00), , together with all reasonable costs and attorneys' fees incurred by Plaintiffs in connection with any efforts to enforce the confessed judgments less any payments made by Defendants to date under the Agreement.

11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

12. I authorize entry of judgment in ___Queens___County, New York.

13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: MAY 26, 2020

X _____

Shangzhou Chen

Sworn to me this 26th day of MAY, 2020

_____
Notary Public

JOSE WILLIAM COTTO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6357170
Qualified in Westchester County
My Commission Expires: 4/10/2021

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Hong Chuang Wang, Yun Chen, Jin Hai Lin, Hui Jin Lin,
Yun Li, and Amy Wong, individually and on behalf of
all others similarly situated,

                                   Plaintiffs,                Case No.: 19-cv-00281

                v.

                                              **AFFIDAVIT OF CONFESSION OF**
Chloe USA Inc., d/b/a Miyabi Asian Bistro, Shangzhou    **JUDGMENT**
Chen a/k/a "Joe" Chen, Xiling Zhao a/k/a "Cherry" Zhao,
and Zhao Huan Wang,

                                    Defendants.

—————————————————————————

STATE OF NEW YORK      )
                            ) ss:
 COUNTY OF__Queens____)

_____Shangzhou Chen_____, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _____Queens County_____[address].
2. I am the _____owner_____[title] of Corporate Defendant Chloe USA Inc., d/b/a
   Miyabi Asian Bistro, which is named in Wang et al v. Chloe USA Inc. et al, Civil
   Action No. Case No. 19-cv-00281 filed in the United States District Court for
   Southern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant
   Chloe USA Inc., d/b/a Miyabi Asian Bistro. (the "Corporate Defendant")
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in
   support of Plaintiffs' application for the entry of a judgment by confession against myself,
   in the sum of  Three Hundred Thousand Dollars ($300,000.00), together with all
   reasonable costs and attorneys' fees incurred by Plaintiffs in connection with any efforts
   to enforce the confessed judgments, less any payments made by Defendants Chloe USA
   Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen to date under the
   Agreement.
5. This confession of judgment is for a debt due to Plaintiffs Hong Chuang Wang, Yun
   Chen, Jin Hai Lin, Hui Jin Lin, Yun Li, and Amy Wong (hereinafter "Plaintiffs").
6. The facts out of which the debt arose and the sum confession due is set forth below:
7. On January 10, 2019, Plaintiffs, through their attorneys, Hang & Associates, PLLC, filed
   a Complaint against Defendants in the United States District Court for the Southern
   District of New York (the "Court") alleging claims under the Fair Labor Standards Act
   ("FLSA") and the New York Labor Law (the "NYLL"), 19-cv-00281 (the "Complaint").

8. On or around April and May of 2020, the Plaintiffs and Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen executed a Settlement Agreement and General Release, (the "Agreement").

9. The agreement provides that Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen will pay A Hundred and Fifty Thousand Dollars ($150,000.00).

10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiffs may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiffs shall notify Defendants' Attorney Jose William Cotto, Esq., Cotto Law Offices, 95 Croton Avenue, Ossining, NY 10562, Tel: 914-941-4077, cottolaw@gmail.com, in writing of their intent to do so, and Defendants shall have ten business (10) days to remedy their default.

11. If Defendants Chloe USA Inc., d/b/a Miyabi Asian Bistro and Shangzhou Chen aka Joe Chen do not remedy the default within ten business (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Three Hundred Thousand Dollars($300,000.00), together with all reasonable costs and attorneys' fees incurred by Plaintiffs in connection with any efforts to enforce the confessed judgments less any payments made by Defendants to date under the Agreement.

12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

13. I authorize entry of judgment in _____ Queens _____ County, New York.

14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: May 26, 2020

X _____

Name:

Title: Owner/ manager
For Chloe USA Inc., d/b/a Miyabi Asian Bistro

Sworn to me this 26th day of May 2020

_____
Notary Public

JOSE WILLIAM COTTO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6357170
Qualified in Westchester County
My Commission Expires: 4/10/2021